IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF ALABAMA
                              SOUTHERN DIVISION


REGINALD JONES,                      *
                                     *
     Plaintiff,                      *
                                     *
                                     *  CIVIL ACTION NO. 19-00959-TFM-B
vs.                                  *
                                     *
ANDREW M. SAUL,                      *
Commissioner of Social Security,     *
                                     *
     Defendant.                      *
                                     *

                          **REPORT AND RECOMMENDATION**

    Plaintiff Reginald Jones (hereinafter "Plaintiff"), appearing *pro se*, seeks judicial review of a final decision of the Commissioner of Social Security denying his claim for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. This action was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record and memoranda of the parties, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

I.  **Procedural History**[1]

    Plaintiff filed his application for benefits on December 16,

---

[1] The Court's citations to the transcript in this order refer to the pagination assigned in CM/ECF.

2016, alleging disability beginning February 1, 2008, based on paranoid schizophrenia and kidney issues. (Doc. 11 at 51-52, 139, 156). Plaintiff's application was denied and upon timely request, he was granted an administrative hearing before Administrative Law Judge David R. Murchison (hereinafter "ALJ") on July 27, 2018. (Id. at 33). Plaintiff attended the hearing with his attorney and provided testimony related to his claims. (Id. at 36). A vocational expert ("VE") also appeared at the hearing and provided testimony. (Id. at 46). On October 16, 2018, the ALJ issued an unfavorable decision finding that Plaintiff is not disabled. (Id. at 15). The Appeals Council denied Plaintiff's request for review on September 24, 2019. (Id. at 4). Therefore, the ALJ's decision dated October 16, 2018, became the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). This case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

A. **Issue on Appeal**

> **Whether substantial evidence supports the Residual Functional Capacity ("RFC") for a range of medium work with the stated restrictions?**

III. **Factual Background**

Plaintiff was born on February 12, 1957, and was sixty-one years of age at the time of his administrative hearing on July 27,

2

2018. (Doc. 11 at 36). Plaintiff graduated from high school and completed one year of college. (Id. at 157).

Plaintiff has no past relevant work. (Id. at 36). He was incarcerated in prison for fifteen years from 1993 to 2008. (Id. at 54, 140). Plaintiff was reincarcerated in 2017. (Id. at 265).

Plaintiff testified that he cannot work because of pain from Hepatitis C, problems with his enlarged prostate, stomach pain, dizziness, and migraines. (Id. at 37-44). Plaintiff also testified that he takes medicine for these problems, and the medicine helps. (Id. at 40-41).

**IV. Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[2] Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth

---

[2] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

3

v. Heckler*,* 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

**V.    Statutory and Regulatory Framework**

An individual who applies for Social Security disability benefits must prove his or her disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven his disability. 20 C.F.R. §§ 404.1520, 416.920.

The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the

claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). At the fourth step, the ALJ must make an assessment of the claimant's RFC. See Phillips v. Barnhart, 357 F. 3d 1232, 1238 (11th Cir. 2004). The RFC is an assessment, based on all relevant medical and other evidence, of a claimant's remaining ability to work despite his impairment. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

If a claimant meets his or her burden at the fourth step, it then becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).

5

See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

**VI. Discussion**

   **A. Substantial evidence supports the Residual Functional Capacity ("RFC") for a range of medium work with the stated restrictions.**

In his brief, Plaintiff argues that the ALJ's finding that he can perform a range of medium work is not supported by substantial evidence. (Doc. 13 at 6). The Government counters that the ALJ considered Plaintiff's impairments, treatment records, and his wide range of activities and that the RFC is fully supported by the substantial evidence. (Doc. 15 at 3). Having reviewed the record at length, the Court finds that Plaintiff's claim is without merit.

Residual functional capacity is a measure of what Plaintiff can do despite his or her credible limitations. See 20 C.F.R. § 404.1545. Determinations of a claimant's RFC are reserved for the ALJ, and the assessment is to be based upon all the relevant evidence of a claimant's remaining ability to work despite his or her impairments and must be supported by substantial evidence. See Beech v. Apfel, 100 F. Supp. 2d 1323, 1331 (S.D. Ala. 2000) (citing 20 C.F.R. § 404.1546 and Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)); Saunders v. Astrue, 2012 U.S. Dist. LEXIS 39571, *10, 2012 WL 997222, *4 (M.D. Ala. March 23, 2012). Once the ALJ has determined the claimant's RFC, the claimant bears the burden of demonstrating that the ALJ's decision is not supported by

6

substantial evidence. See Flynn v. Heckler, 768 F.2d 1273, 1274 (11th Cir. 1985). Plaintiff has failed to meet his burden in this case.

In the instant case, the ALJ found that Plaintiff has the severe impairments of Hepatis C, hypertension, and anxiety disorder.[3] (Doc. 11 at 17). The ALJ also determined that Plaintiff has the RFC to perform a range of medium work with the following restrictions: Plaintiff can frequently climb, balance, stoop, kneel, crouch, and crawl. He has unlimited ability to understand, remember and carry out short, simple instructions, but no complex instructions. He can have occasional interaction with the general public, co-workers and supervisors. (Id. at 19). The ALJ found that Plaintiff has no past relevant work. (Id. at 22). Based upon the testimony of the vocational expert, the ALJ concluded that there are jobs in the national economy that Plaintiff can perform, such as packager, meat molder, and sweeper cleaner,[4] all medium and

---

[3] The ALJ found that Plaintiff has the non-severe impairments of BPH (enlarged prostate) and GERD (gastroesophageal reflux disease). (Doc. 11 at 17). In his brief, Plaintiff appears to assert that he also has colon cancer. However, there are no medical records relating to this condition, and any alleged treatment appears to have occurred after the ALJ's decision in this case. (Doc. 13 at 3, 9). The ALJ also referenced HIV and RPR tests that were non-reactive. (Id. at 20).

[4] Based on the testimony of the vocational expert, the ALJ found that, even if Plaintiff needed a five-minute bathroom break every hour, which he found was not supported by the evidence, Plaintiff still would be able to perform the sweeper job. (Doc. 11 at 23).

7

unskilled. (Id. at 23). Thus, the ALJ found that Plaintiff is not disabled. Having reviewed the evidence at length, the Court is satisfied that the ALJ's RFC is supported by substantial evidence.

First, with respect to Plaintiff's mental impairment, Plaintiff's treatment records show that he was evaluated at Altapointe by Dr. Marianne Saitz, M.D., on December 13, 2016, when he was released from prison.[5] (Id. at 232). Plaintiff reported that he had a history of paranoid schizophrenia but stated that he had no symptoms. (Id. at 238). Dr. Saitz noted that Plaintiff's paperwork contained no diagnosis and that the only medication listed was Trazadone. (Id.).

Dr. Saitz's treatment records reflect that Plaintiff had appropriate appearance and grooming, normal and cooperative behavior, normal mood, appropriate affect, no injurious thoughts, normal perception, unimpaired memory, logical and coherent thoughts, unimpaired concentration, and fair judgment. Dr. Saitz also noted that Plaintiff's speech was vague, that he had poor insight, and that he had mild anxiety. (Id. at 238-39). She found no evidence of mental illness and documented "no diagnosis." (Id.

---

[5] The record contains only sparse medical records from Kilby prison from March 1, 2017, to March 26, 2017. The records reflect lab work and medications that Plaintiff was given during that time period. (Id. at 265). His prescribed medications included Buspirone, Chlorpheniramine, Guaifenesin, Omeprazole, Prilosec, Tamsulosin, Terazosin, Tolnaftate, Flomax, and Ibuprofen. It appears that these medications were prescribed to treat various ailments including anxiety and enlarged prostate. (Id.).

8

at 235, 237). She provided Plaintiff with information regarding general community resources for reentry into the community. The record does not contain any additional treatment records from Altapointe. (Id. at 238).

The record does contain treatment records from the Mobile County Health Department dated December 20, 2016, to July 10, 2017. During said period, Plaintiff was treated by Dr. Stephen Chromiak, M.D., for anxiety, hypertension, Hepatitis C, hypercalcemia, and nicotine related disorders. (Id. at 249-51). Plaintiff reported a history of schizophrenia. (Id. at 249). Dr. Chromiak consistently noted that Plaintiff's mental status examinations were normal. Plaintiff did not complain of any current mental health problems, but he did report abdominal pain and enlarged prostate. (Id. at 249-50, 279). Dr. Chromiak's examination findings were generally normal, but he did prescribe Buspirone for anxiety, Trazadone for sleep, Hytrin for enlarged prostate and blood pressure, and Gabapentin for pain. (Id. at 251, 279-280, 283).

The record also contains sparse treatment records from the Family Health Clinic where Plaintiff was treated on two occasions. The treatment records reflect that on December 20, 2016, Plaintiff was treated for "enlarged prostate, Hep[atitis] C, depression, [and] schizophrenia." (Id. at 256-59) He was prescribed Buspirone for anxiety, Trazodone for sleep, Hytrin for prostate and blood pressure, and Gabapentin for pain. (Id.). On January 12, 2017,

9

Dr. G. Evans gave Plaintiff a note, stating: "patient has multiple medical problems and should avoid work for the next 30 days." (Id. at 256). Plaintiff does not appear to have received further treatment at the Family Health Clinic.[6]

In addition, the record contains a physical RFC assessment completed by State Agency consultant, Dr. Alton James, M.D., who found that Plaintiff could perform a range of medium work, could occasionally lift and /or carry fifty pounds and frequently lift and carry twenty-five pounds; that Plaintiff could stand and/or walk about six hours in an eight-hour day; could sit for about six hours in an eight-hour workday; and could frequently climb, balance,

---

[6] Although not relied upon by the ALJ, the record contains two consultative reports prepared in 2008. On March 26, 2008, Dr. Donald Blanton, Ph.D., noted that Plaintiff reported hearing voices since 1993, at a time when he was heavily using drugs and alcohol, but that his mental status examination was largely normal. Dr. Blanton concluded that Plaintiff had a long history of psychotic illness, "probably schizophrenia, likely worsened by prolonged alcohol and drug use," and he encouraged Plaintiff to get into regular mental health care after leaving prison. (Id. at 221-23).

A second consultative report was prepared by John W. Davis, Ph.D., on December 22, 2008, and documented Plaintiff's report of a history of paranoid schizophrenia for which Plaintiff was treated while in prison with Seroquel and Mirtazapine. Plaintiff's mental status evaluation again was normal, with the exception of some anxiety and depression. Dr. Davis found no indications of hallucinations or delusions and diagnosed Plaintiff with adjustment disorder with depression. (Id. at 225-28). Dr. Davis opined that Plaintiff's ability to function and concentrate was mildly to moderately impaired but that he had the ability to understand and carry out instructions, respond appropriately in the work setting despite his impairments, and perform simple, routine, repetitive tasks. (Id. at 229). This evidence further supports the ALJ's mental RFC in this case.

stoop, kneel, crouch, and crawl. (Id. at 57-58). The ALJ assigned great weight to Dr. James's opinions. (Id. at 21).

An ALJ is "required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.'" Milner v. Barnhart, 275 Fed. Appx. 947, 948 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1527(f)(2)(i)). "The ALJ may rely on opinions of non-examining sources when they do not conflict with those of examining sources." Id. (citing Edwards v. Sullivan, 937 F.2d 580, 584-85 (11th Cir. 1991)). Based on the evidence detailed herein, the Court finds that Dr. James's opinions are consistent with the substantial medical evidence in this case and do not conflict with the credible opinions of any examining sources. Therefore, the ALJ properly accorded them great weight. See Harris v. Colvin, 2014 U.S. Dist. LEXIS 159749, *25, 2014 WL 5844240, *8 (S.D. Ala. Nov. 12, 2014).

Last, the record contains evidence of Plaintiff's activities of daily living. Despite Plaintiff's impairments, he still shops in stores, walks, exercises, teaches music to others, visits with family and friends, goes to church, plays music in the church, and handles his own finances. (Id. at 38-39, 175-76).

While there is no question that Plaintiff suffers from anxiety

11

disorder,[7] Hepatitis C, and hypertension, Plaintiff's treatment records, detailed above, reflect largely successful, conservative treatment of his medical conditions with medication and infrequent visits to medical providers except for medication refills. Moreover, the record reflects consistently normal physical and mental examination findings, and Plaintiff reports a wide range of activities of daily living, despite his impairments.

Based on the foregoing, the Court finds that substantial evidence supports the ALJ's determination that Plaintiff has the RFC to perform a range of medium work, with the stated restrictions. Plaintiff has failed to show that any limitations caused by his impairments exceed the RFC and are not accommodated by the RFC and its stated restrictions. Accordingly, Plaintiff's claim must fail.[8]

---

[7] The Court notes that the ALJ restricted Plaintiff's mental RFC to "short, simple instructions," with "no complex instructions," and only "occasional interaction with the general public, co-workers and supervisors." (Doc. 11 at 19). This restriction fully accommodates any mental impairments evidenced by the record in this case.

[8] To the extent that Plaintiff has cited evidence in the record which he claims supports a finding that he is disabled, that is, at best, a contention that the record evidence supports a different finding. That is not the standard on review. The issue is not whether there is evidence in the record that would support a different finding, but whether the ALJ's finding is supported by substantial evidence. See Figueroa v. Commissioner of Soc. Sec., 2017 U.S. Dist. LEXIS 181734, *15-16, 2017 WL 4992021, *6-7 (M.D. Fla. Nov. 2, 2017) ("Although Plaintiff cites to certain test results, notes, and physical therapy findings as support for her contention that 'there were objective medical findings that support the doctor's opinions about [her] limitations' . . ., this is, at best, a contention that the record could support a different finding. This is not the standard on review. The issue is not whether a different finding

**VII. Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **RECOMMENDED** that the decision of the Commissioner denying Plaintiff's claim for supplemental security income be **AFFIRMED**.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

---

could be supported by substantial evidence, but whether this finding is.").

*11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **22nd** day of **December, 2020.**

                                           **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**